HARTZELL, Appellant, v. WAGNER, Respondent.

(152 N. W. 693.)

(File No. 3664.   Opinion filed May 24, 1915.) ·

1. **Witnesses—Impeachment—Evidence—Witness' Hostile Feeling, Admissibility—Irrelevant Issue.**

In a suit for damages for destruction of plaintiff's timber by the negligent spreading of a fire from defendant's premises, **held,** that evidence elicited from plaintiff for the purpose of showing plaintiff's bias and his interest in the case, that between the time when defendant had replanted trees in amicable settlement of the damage and the time of trial hostilities had arisen between the parties, although irrelevant to the issues, was admissible, notwithstanding the general rule that a witness cannot be impeached upon a collateral matter brought out on cross-examination.

2. **Evidence—Evidence Under Pleadings—Destruction of Trees, Damages for—Manner of Replanting, Irrelevancy of Evidence Concerning.**

In a suit for damages for destruction of plaintiff's trees, caused by negligent spreading of fire from defendant's premises, where the complaint alleged such destruction and the amount of damages, and defendant admitted the injury, but alleged that the damage had been paid by his replanting of trees and plaintiff's acceptance thereof in settlement and satisfaction, **held,** the issue was as to whether settlement had been made, and evidence as to the manner in which the trees had been planted was properly excluded as immaterial.

Appeal from Circuit Court, Beadle County.   Hon. ALVA E. TAYLOR, Judge.

Action by Frank Hartzell against Henry Wagner, to recover damages for injury to plaintiff's trees by fire.   From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

W. W. Howes, and A. W. Wilmarth, for Appellant.

Gardner & Churchill, for Respondent.

(1) Under point one of the opinion, Appellant cited: Vol. 30, Am. & Eng. Ency. of Law, pp. 1092-3; People v. Golderson,

76 Cal. 328, 19 Pac. 170; People v. Brooks, 131 N. Y. 326; Wis-chstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225; Stewart v. Kendall, 15 Colo. 541, 25 Pac. 990; Blanchard v. Blanchard, 191 Ill. 450, 61 N.

Respondent cited: Gage v. Richardson, (S. D.) 133 N. W. 692; State v. Mulch, 17 S. D. 321; State v. Sysinger, 25 S. D. 110; State v. Malmberg, (N. D.) 105 N. W. 614; U. S. v. Wood, 4 Dak. 455; Lamb v. Lamb, 41 N. E. 27; Stewart v. Kindel, (Colo.) 25 Pac. 990.

POLLEY, J.  Appellant and respondent owned adjoining farms in Beadle county.  During the spring of 1909 a fire that had been started by respondent on his place was permitted to run over onto the land of appellant, where it injured or destroyed a grove of young trees that had been planted by appellant and was growing on his land.  That the fire was started by respondent, and that it was permitted to run over onto the land of appellant through the negligence of respondent, was never questioned, nor does he at any time appear to have been unwilling to make amends for the damage caused.  The matter of replanting the grove was discussed at various times by appellant and respondent, but nothing was done until the spring of 1911, when respondent replanted 114 of the trees that had been killed by the fire.  This he claims, and his testimony at the time of the trial tends to prove, was done pursuant to an understanding with appellant; that this number of trees replaced all the trees that had been killed by the fire; that they were planted in a manner satisfactory to appellant, and were accepted by appellant in full satisfaction for all the trees that had been destroyed by the fire. This was denied by the appellant.

[1] At the trial appellant was a witness in his own behalf. Upon his cross-examination the court, over his objection, permitted respondent to show that, between the time of replanting the trees and the trial of the case, certain matters transpired that may have created a considerable feeling of hostility on the part of appellant toward respondent.  This, of course, was for the purpose of showing that the witness' testimony might be biased by his feeling against respondent.  The facts brought out were irrelevant to the issues in the case, and, under the general rule, would not have been admissible; but to this rule there is a well-

established exception to the effect that, for the purpose of show-
ing the interest of the witness in the matter at issue or his feel-
ing toward either party to the action, he may be interrogated on
cross-examination as to matters that otherwise would be wholly
collateral to the issue.   Jones on Evidence (2d Ed.) §§ 828, 829.
As to such matters, the witness may be impeached notwithstand-
ing the· rule that a witness cannot be impeached upon a col-
lateral matter brought out on cross-examination.   The evidence
complained of was properly admitted.

[2] At the trial appellant attempted to prove that the re-
planting of the trees by respondent was not done properly nor in
a workmanlike manner, but in such a way that the trees were
not likely to grow.   Upon respondent's objection, this evidence
was excluded, and the exclusion thereof was assigned as error.
There was no·error in the exclusion of this testimony, as it was
not responsive to any of the issues in the case.   Plaintiff in his
complaint alleged the destruction of the trees and the amount of
the damage.   Defendant admitted the injury to the trees, but
alleged that the damage had been ·paid by a replanting of the
injured trees and an acceptance of such replanting by plaintiff
in settlement and satisfaction of the injury.   The issue, there-
fore, was as to whether such settlement had, in fact, been made,
and evidence as to the manner in which the trees had been
planted was wholly immaterial.

The judgment and order appealed from are affirmed.